UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jia Deng,<br><br>                              Plaintiff,<br>     -v-<br><br>Frequency Electronics, Inc., and<br>Ajilon Professional Staffing LLC,<br><br>                              Defendants. | Civil Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Jia Deng ("Plaintiff" or "Deng"), by Abdul Hassan Law Group, PLLC, her attorney, complaining of the Defendants Frequency Electronics, Inc., and Ajilon Professional Staffing LLC (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that she was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), she is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff was employed by Defendants, individually and/or jointly, and pursuant to the New York Labor Law, that she is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate; and (ii) entitled to liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover her unpaid wages, overtime wages, non-overtime wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195,

under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff also complains that Defendants terminated and discharged her from her employment in discrimination and retaliation by Defendants because Plaintiff in good faith exercised her rights to wages under NYLL and the FLSA and opposed and complained of Defendant's attempts to deprive her of her overtime wages. Such retaliatory termination violates the FLSA at 29 USC § 215 and NYLL § 215 and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

8. Plaintiff Jia Deng ("Plaintiff" or "Deng") is an adult, over eighteen years old, who currently resides in Queens County, New York.

9. Upon information and belief and all times relevant herein, Frequency Electronics, Inc. ("FEI") was a for-profit corporation.

10. Upon information and belief and all times relevant herein, Ajilon Professional Staffing LLC ("APS") was a for-profit Limited Liability Company.

11. At all times relevant herein, Defendants individually and/or jointly controlled the

employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record- keeping as to plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

12. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants. See i.e. *Barfield v. New York City Health & Hosps. Corp.,* 537 F.3d 132, 148 (2d Cir. 2008).

## STATEMENT OF FACTS

13. At all times relevant herein, Defendants were engaged in business of providing designing, developing, and manufacturing and employee recruitment business.

14. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly, employed 150 or more employees.

15. At all times relevant herein, Plaintiff was employed by Defendants from on or about May 13, 2019 to on or about November 6, 2019.

16. At all times relevant herein, Plaintiff was individually and/or jointly employed by Defendants as an office worker dealing with supply chain issues, etc.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendants, and her last regular hourly pay was about $28 an hour.

18. At all times relevant herein, Plaintiff worked about 41-45 or more hours each week for Defendants; 4-5 days each week.

19. At all times relevant herein, Plaintiff was not paid at a rate of 1.5 times her regular rate for overtime hours (hours over 40) worked – as set forth herein and below, Defendants had an unlawful practice of reducing Plaintiff's actual hours worked and not paying her for all her work and overtime worked.

20. Upon information and belief, and at all times relevant herein and for the time Plaintiff was

employed by Defendants, Defendants, individually and/or jointly, failed and willfully failed, to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in each week during her employment with Defendants.

21. A more precise statement of the hours and wages will be made when Plaintiff Deng obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

22. During her employment with Defendants, Plaintiff worked at the location of Defendant FEI and her timesheets were approved by Defendant FEI and only then Plaintiff was paid by Defendants – but not for all hours worked within the meaning of the FLSA and NYLL.

23. Defendants terminated Plaintiff's employment with them because she opposed and complained in good faith about Defendants' unlawful requirement and practice of reducing Plaintiff's overtime work hours and not paying her for all the time and overtime she worked. For example, on November 4, 2019, Plaintiff's supervisor at Defendant FEI told Plaintiff she will only be paid for 36.75 hours instead of the at least 41.25 hours that Plaintiff actually worked – Plaintiff objected to this reduction in her pay and overtime pay to both Defendants. On or about November 6, 2019, Defendants once again insisted that they will only pay Plaintiff for 36.75 hours even though she actually worked at least 41.25 hours and Plaintiff once again objected to the improper reduction in her pay and overtime pay. In response to Plaintiff's good faith objections, Defendants told Plaintiff that she was terminated as a result and a HR representative of Defendant FEI escorted Plaintiff out of Defendant FEI's building after Plaintiff was terminated by Defendants on November 6, 2019.

24. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

25. At all times relevant herein, neither Defendant provided Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not contain all

hours worked by Plaintiff in a week, nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

26. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

27. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

28. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of essential equipment and supplies for their business.

29. Defendants as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

30. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

31. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

32. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

33. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

34. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform

Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

35. "Plaintiff" as used in this complaint refers to the named Plaintiff.

36. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime wages)

37. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

38. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

39. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

40. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

41. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

42. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid overtime wage compensation, maximum liquidated

damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

43. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

44. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

45. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay, and not less than 1.5 times the applicable New York minimum wage rate, for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

46. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198 (Unpaid wages/unlawful deductions, etc)

47. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 46 above with the same force and effect as if fully set forth at length herein.

48. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§

191, 193, 195 and 198 and the applicable regulations thereunder.

49. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all overtime wages, as required by NYLL §§ 191, 193 and 198.

50. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

51. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

52. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including her unpaid overtime wages, non-overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION
## RETALIATION/DISCRIMINATION – FLSA 29 USC § 215 and NYLL § 215,

53. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 52 above as if set forth fully and at length herein.

54. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or

jointly, within the meaning of the FLSA at 29 USC § 215 and New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

55. At all times relevant herein, Defendants, individually and/or jointly, were covered persons or entities within the meaning of the FLSA at 29 USC § 215 and New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

56. Defendants in retaliation and discrimination, and in violation of the FLSA at 29 USC § 215 and NYLL § 215, terminated Plaintiff's employment with them because Plaintiff in good faith claimed wages and overtime wages she believed in good faith she was entitled to (including under NYLL Article 6, 12 NYCRR § 142-2.2, and 29 USC § 207).

57. Defendant discharged/terminated Plaintiff's employment with it in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 and the NYLL §§ 215, for engaging in protected activity and because of Defendant's practice as further set forth above.

58. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

### Relief Demanded

59. Defendant's New York Labor Law violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendant all available damages, including her lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to the FLSA at 29 USC § 215 and NYLL including § 215.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

60. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

61. As to the **First Cause of Action**, award Plaintiff her unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

62. As to the **Second Cause of Action**, award Plaintiff her unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

63. As to the **Third Cause of Action**, award Plaintiff all outstanding wages, including her unpaid overtime wages, non-overtime wages, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

64. As to the **Fourth Cause of Action**, award Plaintiff all damages available under the FLSA at 29 USC § 215 and NYLL §§ 215, including her lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to the FLSA at 29 USC § 215 and NYLL including §§ 215;

65. Award Plaintiff prejudgement interest on all monies due;

66. Award Plaintiff and all those similarly situated, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

67. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York
November 1, 2021**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan _____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF